UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL RAY PARVIN,<br><br>              Petitioner,<br><br>v.<br><br>TEREMA CARLIN,<br><br>              Respondent. | Case No. 3:15-cv-00091-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner Michael Ray Parvin's Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that the Petition is barred by the one-year statute of limitations. (Dkt. 13.) The Motion is now ripe for adjudication. (Dkt. 16, 18.)

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 11.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Petitioner pleaded guilty in the Third Judicial District Court in Canyon County, Idaho, to one count of lewd and lascivious conduct with a minor under sixteen years of age, in violation of Idaho Code § 18-1508. (Dkt. 3 at 1-2.) In exchange for his guilty plea, the state agreed not to prosecute Petitioner for additional charges of sexual misconduct—although at sentencing the state could present evidence of these other acts in aggravation. (State's Lodging A-2 at 49.) Petitioner received a unified sentence of life imprisonment with ten years fixed. (*Id*. at 64.) The judgment of conviction was entered on February 23, 2000. (*Id*.) Petitioner did not file a direct appeal.

On June 12, 2000, Petitioner filed a timely motion for reduction of sentence under Idaho Criminal Rule 35. On September 25, 2000, the trial court granted the motion and reduced Petitioner's sentence to 5 to 20 years in prison. (*Id*. at 84-85.) The state filed a motion for reconsideration. After a hearing, the trial court granted the motion and re-imposed Petitioner's original sentence of 10 years to life, determining that Petitioner's victims had not been given adequate notice of Petitioner's Rule 35 motion. (*Id*. at 115-16.)

Petitioner appealed. The Idaho Court of Appeals upheld the trial court's decision on a different ground—that the trial court lost jurisdiction over the Rule 35 motion when it unreasonably delayed its ruling on the motion. (State's Lodging B-4 at 1.) *See* Idaho Criminal Rule 35 ("The court may correct a sentence within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction."); *State v. Bock*, 900 P.2d 1363, 1366 (Idaho 1995) ("[A] trial court . . . may

**MEMORANDUM DECISION AND ORDER - 2**

have a reasonable time after the 120 days expires within which to rule."); *State v. Torres*, 693 P.2d 1097, 1100 (Idaho Ct. App. 1984) ("[W]e hold that a district court does not lose jurisdiction to act upon a timely motion under Rule 35 merely because the 120-day period expires before the judge reasonably can consider and act upon the motion."). The Idaho Supreme Court denied review and issued its remittitur on September 13, 2002. (State's Lodging B-7, B-8.)

Petitioner filed a pro se petition for state postconviction relief on September 11, 2003—almost a year later. (State's Lodging C-1; Dkt. 3 at 4.) Petitioner was appointed counsel, who filed an amended petition. (State's Lodging C-2.) Substitute counsel was appointed to represent Petitioner on several occasions. Apparently due to abysmal legal representation, the case lay stagnant for more than three years. On February 26, 2007, after providing notice to the parties, the trial court dismissed the postconviction petition. (State's Lodging C-4.) Petitioner did not file a notice of appeal until May 20, 2008, over a year later.[1] (State's Lodging C-5.) The Idaho Supreme Court dismissed the appeal as untimely and, on July 22, 2008, issued the remittitur. (State's Lodging D-3.)

Petitioner filed a successive petition for state postconviction relief on September 9, 2008. (State's Lodging E-2 at 5-8.) After the trial court dismissed the petition on procedural grounds, the Idaho Court of Appeals remanded for consideration of Petitioner's ineffective assistance of trial counsel claim on the merits. On remand, the trial court denied Petitioner's ineffectiveness claim. (State's Lodging H-6 at 3.) The

---

[1] Petitioner alleges that he did not receive notice of the trial court's dismissal of the petition in time to file a timely appeal. (State's Lodging F-4 at 2; Dkt. 16-1 at 3.)

**MEMORANDUM DECISION AND ORDER - 3**

Idaho Court of Appeals affirmed the denial of the successive postconviction petition, holding that the recent case of *Murphy v. State*, 327 P.3d 365 (Idaho 2014), prohibited Petitioner's successive petition.[2] (*Id*. at 6.) The Idaho Supreme Court denied review and issued the remittitur on November 21, 2014.

Petitioner filed the instant federal petition, at the earliest, on March 13, 2015.[3] (Dkt. 3.) In the instant federal habeas corpus petition, Petitioner asserts three claims:

> Claim 1: Denial of substantive and procedural due process based on the trial court's vacating, and then re-imposing, Petitioner's sentence.
>
> Claim 2: Ineffective assistance of trial counsel with respect to Petitioner's motion for reduction of sentence under Idaho Criminal Rule 35.
>
> Claim 3: Denial of equal protection or due process based on the state appellate court's application of a reasonableness standard to the trial court's decision on Petitioner's Rule 35 motion.

(Dkt. 3, 8.)

---

[2]  *Murphy* overruled prior Idaho Supreme Court precedent and held that ineffective assistance of initial postconviction counsel does not constitute a sufficient reason, under Idaho Code § 19-4908, for filing a successive petition for postconviction relief. 327 P.3d at 395. Because Petitioner's successive petition was filed on the basis of ineffective assistance of initial postconviction counsel, the new *Murphy* decision barred Plaintiff's claims.

[3]  *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date a Petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court); Rule 3(d) of the Rules Governing Section 2254 Cases. Idaho state courts also follow the mailbox rule. *Munson v. State*, 917 P.2d 796, 800 (Idaho 1996).

**MEMORANDUM DECISION AND ORDER - 4**

DISCUSSION

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees. Because Petitioner (1) is entitled only to limited statutory tolling, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Petition with prejudice as untimely.

**1.      Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in determining whether to dismiss a petition.[4] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[5] 28 U.S.C. § 2244(d)(1)(A); *see Patterson v. Stewart*, 251 F.3d

---

[4]     The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on August 25, 2015. (Dkt. 12.)

[5]     Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

**MEMORANDUM DECISION AND ORDER - 5**

1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to the AEDPA statute of limitations, which means that the calculation excludes the day the conviction became final, meaning that the statute of limitations period actually consists of *366* days). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

Direct review of a conviction includes the opportunity to file a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court has clarified application of subsection (d)(1)(A) as follows:

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

Idaho Appellate Rule 14 provides that an appeal from the district court must be filed within 42 days from the date of an appealable order or judgment. Idaho Appellate Rule 118 provides that a petition for review to request that the Idaho Supreme Court

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**MEMORANDUM DECISION AND ORDER - 6**

review an opinion or order of the Court of Appeals must be filed within 21 days "after the announcement of the opinion or order, or after the announcement of an order denying rehearing, or after the announcement of an opinion on rehearing or after an opinion is modified without rehearing in a manner other than to correct a clerical error." United States Supreme Court Rule 13 provides that a petition for writ of certiorari must be filed with the United States Supreme Court within 90 days of a judgment entered by a state court of last resort. Hence, the failure to file a notice of appeal, petition for review, or petition for writ of certiorari within the applicable time period triggers finality for purposes of § 2244(d)(1)(A).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. First, AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed.

The time before a petitioner files an initial application for collateral review in state court, however, does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final

**MEMORANDUM DECISION AND ORDER - 7**

decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). In addition, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003). Additionally, any postconviction petition or other collateral proceeding that is untimely under state law is not considered "properly filed" and thus does *not* toll the statute of limitation. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

If, after applying statutory tolling, a petition is deemed untimely, a federal court can still hear the claims if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled only under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). To qualify for equitable tolling, a circumstance must have *caused* a petitioner to be unable to file his federal petition on time. *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009).

In addition, the statute of limitations is subject to miscarriage of justice exception, meaning that a claim can be heard notwithstanding the statute of limitations bar if the

**MEMORANDUM DECISION AND ORDER - 8**

petitioner shows that he is actually innocent. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). To take advantage of the actual innocence gateway, a petitioner must "demonstrate[] that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Stated another way, a petitioner must show that *every* reasonable juror would vote to acquit.

Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

2.    **The Petition Is Barred by the Statute of Limitations**

   A.    ***The Statute Began to Run on April 5, 2000***

*Gonzalez v. Thaler* makes clear that petitioners who do not seek a direct appeal do not receive the benefit of the Supreme Court's 90-day certiorari period. 132 S. Ct. at 653-54 (holding that, for petitioners who do not seek appellate review of a conviction, "the judgment becomes final at the expiration of the time for seeking such review—when the

**MEMORANDUM DECISION AND ORDER - 9**

time for pursuing direct review in this Court, *or in state court*, expires.") (emphasis added) (internal quotation marks omitted). Because Petitioner did not file a direct appeal, his conviction became final on April 5, 2000, when Idaho's 42-day period for filing an appeal expired. *See* Idaho Appellate Rule 14(a).

Petitioner argues that he is entitled to the 90-day period for filing a petition for certiorari in the U.S. Supreme Court because his motion for reduction of sentence was "for all legal and practical reasons, a direct appeal." (Dkt. 16-1 at 2.) However, a Rule 35 motion for reduction of sentence is a *collateral* attack upon the length of a sentence—it "is not part of the direct review process." *Wall*, 562 U.S. at 547, 552; *see also State v. Tranmer*, 21 P.3d 936, 939 n.4 (Idaho Ct. App. 2001) (distinguishing between a direct appeal and an appeal regarding a Rule 35 motion and stating that "the proper procedure when a defendant seeks both a direct appeal of the underlying sentence and a Rule 35 motion is for the district court to rule on the Rule 35 motion and have its appeal consolidated with appeal of the underlying sentence.").

### B. Statutory Tolling

As set forth above, AEDPA's one-year limitations period is tolled for all of the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner's conviction became final on April 5, 2000, and the statute of limitation began to run the next day. Petitioner filed his Rule 35 motion on June 12, 2000. Therefore, exactly 68 days of the limitations period had passed between the date Petitioner's conviction became final and the date he filed the Rule 35 motion. *See Nino*,

**MEMORANDUM DECISION AND ORDER - 10**

183 F.3d at 1006. The statute stopped running on June 12, 2000, and remained tolled until September 13, 2002, when the Idaho Supreme Court issued its remittitur in Petitioner's Rule 35 proceedings. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001) (holding that decisions of the Idaho Supreme Court are final when the remittitur is issued).

At that point, Petitioner had 298 days remaining in the limitations period (366 days minus 68 days). *See Patterson*, 251 F.3d at 1246. Therefore, the Petition was due in this Court on or before July 8, 2003 (298 days after September 13, 2002). However, it was not filed until March 13, 2015.

Because the statute of limitations had already expired at the time Petitioner filed his initial state postconviction petition on September 11, 2003, neither that petition nor his successive petition could have reinitiated the statute of limitations and rendered the Petition timely. *See Ferguson*, 321 F.3d 820, 822 (9th Cir. 2003). Even with statutory tolling, Petitioner's March 13, 2015 federal petition was filed too late. Therefore, Petitioner's claims can be deemed timely only if he is also entitled to equitable tolling.

### C.     Equitable Tolling

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who

**MEMORANDUM DECISION AND ORDER - 11**

"waited years, without any valid justification" to bring his postconviction claims in state court, and then waited "five more months after his [postconviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Because Petitioner's initial postconviction petition was pending between September 11, 2003, and July 22, 2008—a period of 2,141 days—the Court will not require Petitioner to establish equitable tolling during that period. Similarly, the Court will ignore the 2,264 days that passed while Petitioner's successive petition was pending in the state courts (from September 9, 2008, to November 21, 2014). However, that still leaves 226 days for which Petitioner must demonstrate entitlement to equitable tolling.

The Court arrived at this calculation in the following manner:

1. Petitioner's conviction became final on April 5, 2000, and he did not file his Rule 35 motion until June 12, 2000. This constitutes a period of <u>68 days</u> during which the statute ran untolled.

2. Petitioner's Rule 35 proceeding concluded on September 13, 2002, and he did not file his initial petition for postconviction relief until September 11, 2003. This constitutes a period of <u>363 days</u> during which the statute ran untolled.

3. Petitioner's initial postconviction proceedings concluded—at the very latest—on July 22, 2008 (when the Idaho Supreme Court dismissed his untimely appeal from the denial of his initial state postconviction petition), and Petitioner did not file his successive

**MEMORANDUM DECISION AND ORDER - 12**

petition until September 9, 2008. This constitutes a period of <u>49 days</u>[6] during which the statute ran untolled.

4. Finally, Petitioner's successive postconviction proceedings concluded on November 21, 2014, and he did not file the instant Petition in this Court until March 13, 2015. This constitutes a period of <u>112 days</u> during which the statue ran untolled.

Therefore,

```
        68 days (from April 5, 2000, to June 12, 2000)
+       363 days (from September 13, 2002, to September 11, 2003)
+       49 days (from July 22, 2008, to September 9, 2008)
+       112 days (from November 21, 2014, to March 13, 2015)
_____

        592 days
-       366 days of the statute of limitations period
_____

        226 days
```

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. Petitioner asserts that he suffered "serial ineffective assistance of counsel" in his state postconviction proceedings. (DKt. 16-1 at 2.) However, even if true, this allegation does not explain why it was "impossible," *Ramirez*, 571 F.3d at 997, for Petitioner to have filed his federal petition at some point when he was *not* represented by allegedly ineffective counsel—for example, during any

---

[6] Respondent argues that this untolled period is actually 519 days, because the statute should have been triggered on April 9, 2007, when Idaho's 42-day period for filing an appeal from the denial of the initial postconviction petition expired, rather than on July 22, 2008, when the state supreme court dismissed the untimely appeal. The Court need not resolve this issue, because even using the later date, the Petition is still untimely.

**MEMORANDUM DECISION AND ORDER - 13**

substantial period of the 226 days for which Petitioner seeks equitable tolling. Petitioner has simply not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

### D.     *Miscarriage of Justice Exception*

Although Petitioner nominally invokes the miscarriage of justice exception to the statute of limitations (Dkt. 16-1 at 5), he does not provide any substantive argument as to his alleged actual innocence or any credible evidence remotely suggesting that he is actually innocent. Thus, Petitioner has not established a colorable miscarriage of justice claim.

## CONCLUSION

For the foregoing reasons, the Court must dismiss the Petition based on Petitioner's failure to file within AEDPA's one-year statute of limitations.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Extension of Time (Dkt. 15) is GRANTED.

2. Respondent's Motion for Extension of Time (Dkt. 17) is GRANTED.

3. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a

**MEMORANDUM DECISION AND ORDER - 14**

certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: **January 11, 2016**

_Ronald E. Bush_

Honorable Ronald E. Bush
United States Magistrate Judge

MEMORANDUM DECISION AND ORDER - 15